## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LARRY J. SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-42 (RMC) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary of Homeland Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ANSWER

Defendant Michael Chertoff, Secretary of Homeland Security, by and through his undersigned counsel, hereby answers Plaintiff's Complaint and Demand For Jury Trial ("Complaint") as follows:

### First Defense

The Complaint contains certain claims upon which relief may not be granted.

### Second Defense

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1.     Defendant denies the allegations in paragraph 1, except to admit that Plaintiff is an African American male who was the Special Agent in Charge of the Johnson Protective Division of the U.S. Secret Service from April 20, 2003 until September 3, 2005.

2.     Defendant denies the allegations in paragraph 2 as stated, but admits that the function of the Johnson Protective Division is to protect the wife of former President Lyndon Johnson.  Defendant further admits and avers that Plaintiff was assigned as the GS-15 Special

Agent in Charge from April 20, 2003 until September 3, 2005, and that Plaintiff began his assignment as a GS-15 Assistant Special Agent in Charge at the J. J. Rowley Training Center on September 4, 2005.

3.      Defendant denies the allegations in paragraph 3 as stated, but admits that Plaintiff's January 2004 mid-year performance evaluation, which is the best evidence of its contents, contained the excerpted language quoted in paragraph 3.

4.      Paragraph four contains plaintiff's characterizations of positions and personnel actions to which no response is required, and Defendant denies the allegations in paragraph 4 as stated, except to admit that Plaintiff was reassigned laterally, at the same grade and step, from the Special Agent in Charge of the Johnson Protective Division to the Assistant Special Agent in Charge at the J. J. Rowley Training Center.

5.      Defendant denies the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Paragraph 8 contains Plaintiff's characterizations of the lawsuit and a request for relief.   To the extent paragraph 8 contains allegations of fact, Defendant denies the allegations and further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.[1]

11.      Defendant admits that Plaintiff was the Special Agent in Charge of the Johnson Protective Division from April 20, 2003 until September 3, 2005.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's residential address, and therefore denies.  To the extent paragraph 11 contains any other allegations of fact, denied.

---

[1] Defendant notes that the Complaint does not contain any paragraphs numbered either 9 or 10.

12.     Defendant admits that Defendant Michael Chertoff is the Secretary of Homeland Security and that the United States Secret Service is a component of the Department of Homeland Security whose function is set out in 18 U.S.C. § 3056.  To the extent paragraph 12 contains any other allegations of fact, denied.

13.     Paragraph 13 contains conclusions of law to which no response is required.  To the extent paragraph 13 contains factual allegations, those allegations are denied, except that Defendant admits that decisions related to Plaintiff's employment occurred in the District of Columbia.

14.     Defendant admits that Plaintiff joined the United States Secret Service on June 13, 1983. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations made in paragraph 14, and therefore denies.

15.     Defendant admits the allegations in the first sentence of paragraph 15.  Defendant admits that Plaintiff had assignments in the Reagan Protective Division, the Vice Presidential Division, and field assignments in Los Angeles, California and Chicago, Illinois.  Defendant denies the remaining allegations of the second sentence in paragraph 15.

16.     Defendant denies the allegations in paragraph 16, except to admit that Plaintiff was selected for the Special Agent in Charge position at the Johnson Protective Division. Defendant further admits that the primary function of the Johnson Protective Division is to provide protection to the wife of former President Lyndon Johnson.

17.     Defendant denies the allegations in paragraph 17 as stated, but admits that Plaintiff was a GS-15 Special Agent in Charge, which is the highest ranking management official, at the Johnson Protective Division.  Defendant further admits that Plaintiff, while assigned as the Special Agent in Charge of the Johnson Protective Division, was responsible for

planning, directing and coordinating the work of other personnel engaged in carrying out the functions of the Johnson Protective Division.

18.    Defendant denies the allegations of paragraph 18 as stated, but admits that Plaintiff had supervisory authority over the Johnson Protective Division.

19.    The first sentence contains Plaintiff's characterization of Special Agent in Charge positions to which no response is required.  Defendant admits that certain Special Agent in Charge positions have an opportunity for advancement within the agency and that certain Special Agent in Charge positions are generally respected and desirable.  Defendant denies the allegations of the second sentence in paragraph 19, except that Defendant admits that certain individuals in certain Special Agent in Charge positions advance to positions at a higher level in the organization.  To the extent paragraph 19 contains any other allegations of fact, Defendant denies.

20.    Defendant denies the allegations in the first sentence of paragraph 20 as stated, except that Defendant admits that federal law enforcement officers are eligible to retire at the age of 57 and that some federal law enforcement officers may be eligible to retire at age 50.[2]  The second sentence paragraph 20 contains Plaintiff's characterization of Special Agents in Charge's job prospects after leaving the Agency to which no response is required.  To the extent Plaintiff contends that the second sentence paragraph 20 contains allegations of fact, Defendant denies except that Defendant admits that some Special Agents in Charge have found positions in the corporate world or other federal agencies.

_____

[2]  Defendant notes that Plaintiff's allegation in paragraph regarding when federal law enforcement officers are required to retire directly contradicts Plaintiff's allegation in paragraph 73 regarding the same subject.

- 4 -

21.     Defendant denies the allegations in paragraph 21.

22.     Paragraph 22 contains Plaintiff's characterizations to which no response is required.  To the extent paragraph 22 contains allegations of fact, Defendant denies.

23.     This paragraph contains Plaintiff's characterizations of a fellow employee to which no response is required.  To the extent that paragraph 23 is an alleged factual assertion, Defendant is without sufficient knowledge and information to determine the accuracy of paragraph 23, therefore it is denied.

24.     Defendant is without sufficient knowledge or information to discern what Plaintiff means by "directing JPD to respond swiftly" to take personnel and/or security clearance action against an employee, therefore Defendant denies the allegations of paragraph 23.  Defendant admits that Plaintiff would have had the ability to place an Administrative Officer on administrative leave, with the concurrence and permission of his Assistant Director.  Defendant specifically denies that Plaintiff had the authority to revoke any employee's security clearance or place anyone on a "do not admit" list.  To the extent paragraph 24 contains any other allegations of fact, Defendant denies.

25.     Defendant denies the allegations in paragraph 25, and specifically denies that there is any rating assigned in the mid-year comments.

26.     Paragraph 26 contains Plaintiff's characterizations of one or more of Plaintiff's fellow employees who are not identified, and no response is required.  To the extent that paragraph 26 contains allegations of fact, Defendant is without sufficient knowledge and information to determine the accuracy of paragraph 26, therefore it is denied.

27.     The first sentence paragraph 27 contains Plaintiff's characterization that one of Plaintiff's fellow employees was "fixated" on a tragic event, and no response is required.  To the

extent Plaintiff contends that the first sentence of paragraph 27 contains an allegation of fact, Defendant denies, except to admit that an employee assigned to Johnson Protective Division had a daughter who attended Columbine High School and was present during the shootings that occurred there.  To the extent that Plaintiff may have had private conversations with this employee regarding the allegations in the second sentence paragraph 27, Defendant lacks sufficient information or knowledge to form a response, and therefore Defendant denies.

28.     Paragraph 28 contains Plaintiff's characterization that one of Plaintiff's fellow employees was "fixated" on an event, and no response is required. With respect to the allegations in paragraph 28, Defendant lacks sufficient information or knowledge to form a response, and therefore Defendant denies the allegations.

29.     The first and third sentences of paragraph 29 contains Plaintiff's characterization of an employee's attitude or behavior to which no response is required.  To the extent paragraph 29 contains allegations of fact, Defendant denies.

30.     Paragraph 30 contains a characterization of an employee's behavior to which no response is required.  To the extent paragraph 30 contains factual allegations, these allegations are denied.

31.     Defendant denies the allegations of paragraph 31.  Defendant admits that there was inappropriate material hung on the security room wall of the Johnson Protective Division by an employee and/or employees assigned to the Johnson Protective Division.

32.     Defendant admits the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Paragraph 34 contains Plaintiff's characterization of a document which is the best evidence of its contents.  Defendant further avers that an employee assigned to the Johnson

- 6 -

Protective Division wrote a memorandum which purports to implement a fictional "Barney Fife Policy."

35.     Defendant denies the allegations of paragraph 35, except to admit that Plaintiff reported the alleged incidents to Assistant Director for the Office of Protective Operations Mark Sullivan and the Deputy Assistant Director for the Office of Protective Operations Thomas Grupski.

36.     Defendant lacks sufficient knowledge and information to form a response regarding what action Plaintiff "planned to take," and therefore Defendant denies the allegations of paragraph 36.

37.     Defendant denies the allegations of paragraph 37, except to admit that Plaintiff was requested to write a memorandum regarding the alleged incidents.

38.     Paragraph 38 contains Plaintiff's characterization of a Memorandum dated April 11, 2005 which is the best evidence of its contents.  To the extent paragraph 38 contains any allegations of fact, Defendant denies.

39.     Defendant denies the allegations of paragraph 39, and avers that Plaintiff was instructed to take steps to verify the facts presented in the Memorandum and to revise it to remove Plaintiff's subjective interpretations of the facts and commentary on the employee's mental health.

40.     Defendant denies the allegations of paragraph 40.

41.     Defendant denies the allegations in paragraph 41, except to admit that Deputy Assistant Director Thomas Grupski and Assistant Special Agent in Charge Robert Buster conducted a fact finding inquiry at the Johnson Protective Division during the period of April 26 - May 2, 2005.

42.     Defendant admits that Assistant Special Agent in Charge Robert Buster prepared a memorandum dated May 2, 2005 detailing the results of the fact finding inquiry at the Johnson Protective Division.  Defendant avers that the memorandum dated May 2, 2005, is the best evidence of its contents.  To the extent paragraph 42 contains any other allegations of fact, Defendant denies.

43.     Defendant denies the allegations in paragraph 43, except to admit that the Inspection Division of the United States Secret Service does conduct periodic inspections of Secret Service operational units.

44.     Defendant denies the allegations of paragraph 44, except that Defendant admits that in December 2004, Plaintiff met with Deputy Assistant Director Grupski and members of the Inspection team to discuss the results of an inspection of Johnson Protective Division that had recently been completed.

45.     Defendant lacks sufficient information and knowledge to form a response regarding what Plaintiff is referring to when he uses the words "informal out briefing," and therefore Defendant denies the allegation.

46.     Defendant denies the allegations of paragraph 46, and avers that the December 6-9, 2004 Inspection Report of the Johnson Protective Division is the best evidence of its contents.

47.     Defendant denies the allegations of paragraph 47.  Defendant admits that one of the factors in deciding to reassign Plaintiff to another position was the underlying reasons for the "R" recommendation that Plaintiff received in the areas of management in the inspection of the Johnson Protective Division.

48.      Defendant denies the allegations of paragraph 48, except that Defendant admits that Plaintiff was reassigned as an Assistant Special Agent in Charge at the J. J. Rowley Training Center in Beltsville, Maryland effective September 4, 2005.

49.      Defendant denies the allegations of paragraph 49, except to admit that upon his reassignment at the same grade level and pay, Plaintiff became an Assistant Special Agent in Charge who supervises five supervisory personnel rather than one supervisor and approximately seventeen non-supervisory employees, who reports to a Deputy Special Agent in Charge, who has supervisory control for the academic process at the Secret Service's training academy but does not have operational nor budget control for a Division.

50.      Paragraph 50 contains Plaintiff's characterizations of his lateral transfer and his potential future job prospects to which no response is required.  To the extent paragraph 50 contains factual allegations, Defendant denies the allegations of paragraph 50.

51.      Defendant denies the allegations of paragraph 51.

52.      Paragraph 52 contains assertions regarding where Plaintiff intended to continue living to which Defendant lacks sufficient information and knowledge to form a response, therefore Defendant denies the assertion.  With respect to the remaining allegations in the paragraph, Defendant denies the allegations except that Defendant admits that Plaintiff was reassigned to the J.J. Rowley Training Center in Beltsville, Maryland, and avers that Plaintiff was subject to and agreed to a geographic relocation provision as a condition of his employment as a Special Agent.

53.      Defendant admits that Plaintiff filed an informal complaint of discrimination on May 13, 2005.  The remainder of paragraph 53 contains conclusions of law and Plaintiff's

characterizations of the informal complaint and the Complaint, none of which require a response. To the extent paragraph 53 contains any other allegations of fact, Defendant denies.

54.     Defendant admits that Plaintiff filed a formal complaint of discrimination on July 22, 2005, and avers that the formal complaint is the best evidence of its contents. The remainder of paragraph 54 contains conclusions of law and Plaintiff's characterizations of the formal complaint and the Complaint which do not require a response, therefore Defendant denies.  To the extent paragraph 54 contains any other allegations of fact, Defendant denies.

55.     Defendant admits that Plaintiff requested the issuance of a final agency decision on June 22, 2006.  The remainder of paragraph 55 contains conclusions of law to which no response is required, and Defendant therefore denies, except to admit that more than 180 days elapsed between Plaintiff's request for a final agency decision and his filing of the Complaint.

### COUNT I

56.     Defendant repeats his responses to the allegations in paragraphs 1 through 55 above, as though fully set forth here.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.[3]

59.     Defendant denies the allegations of paragraph 59.

60.     Defendant denies the allegations in  paragraph 60.[4]

---

[3]  Defendant notes that Plaintiff's allegations in paragraph 58 regarding Plaintiff's retirement date directly conflicts with Plaintiff's allegations in paragraph 20 regarding the retirement date for federal law enforcement officers.

[4]  Defendant notes that  Plaintiff's allegations in paragraph 60 regarding the number of Assistant Special Agents in Charge at J. J. Rowley Training Center directly conflicts with Plaintiff's allegations in paragraph 49 regarding the same.

61.     Defendant denies the allegations in paragraph 61.

62.     Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

**COUNT II**

64.     Defendant repeats his responses to the allegations in paragraphs 1 through 63 above, as though fully set forth here.

65.     Defendant denies the allegations of paragraph 65 except that Defendant admits that Plaintiff was reassigned to the  J. J. Rowley Training Center in Beltsville, Maryland effective September 4, 2005, and avers that Plaintiff was subject and agreed to a geographic relocation provision as a condition of his employment as a Special Agent.

66.     Paragraph 66 contains assertions regarding where Plaintiff "planned" to continue living to which Defendant lacks sufficient information and knowledge to form a response, therefore Defendant denies the assertion.  With respect to the remaining allegations in the paragraph, Defendant denies the allegations except that Defendant admits that Plaintiff was reassigned to the J.J. Rowley Training Center in Beltsville, Maryland.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant denies the allegations in paragraph 70.

**COUNT III**

71.     Defendant repeats his responses to the allegations in paragraphs 1 through 70 above, as though fully set forth here.

72.     Defendant denies the allegations of paragraph 72 except to admit that Plaintiff was reassigned to the J. J. Rowley Training Center in Beltsville, Maryland effective September 4, 2005.[5]

73.     Defendant denies the allegations of paragraph 73.[6]

74.     Defendant denies the allegations in paragraph 74.

75.     Paragraph 75 contains assertions regarding where Plaintiff "planned" to continue living to which Defendant lacks sufficient information and knowledge to form a response, and therefore Defendant denies the assertion. Defendant denies the allegations of paragraph 75 except that Defendant admits that Plaintiff was reassigned to the J. J. Rowley Training Center in Beltsville, Maryland effective September 4, 2005, and avers that Plaintiff was subject and agreed to a geographic relocation provision as a condition of his employment as a Special Agent.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79.

---

[5] Defendant notes that Plaintiff's allegations in paragraph 72 regarding the number of Assistant Special Agents in Charge at J. J. Rowley Training Center directly conflicts with Plaintiff's allegations in paragraph 49 regarding the same.

[6] Defendant notes that Plaintiff's allegations in paragraph 73 regarding the number of Assistant Special Agents in Charge at J. J. Rowley Training Center directly conflicts with Plaintiff's allegations in paragraph 49 regarding the same. Defendant notes that Plaintiff's allegation regarding when Plaintiff is required to retire is in direct conflict with his allegation in paragraph 20 regarding the same.

The remainder of the Complaint contains Plaintiff's prayer for relief as to which no response is required.  Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.  Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other and further relief as may be appropriate.

Dated: April 13, 2007.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161 (phone)
(202) 514-8780 (fax)
Jane.Lyons@usdoj.gov