UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY J. SYKES,            )<br>                            )<br>    Plaintiff,          )<br>                            )<br>v.                          )<br>                            )<br>MICHAEL CHERTOFF,           )<br>    Secretary of Homeland Security,  )<br>                            )<br>    Defendant.          )<br>_____) | Civil Action No. 07-0042 (RMC)<br><br>NEXT SCHEDULED EVENT:<br>Initial Scheduling Conference<br>May 25, 2007 at 10:45 a.m. |

### JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

The parties have conferred in accordance with LCvR 16.3. Pursuant to the rules of this Court, the parties submit this report regarding the issues set forth at LCvR 16.3.

The parties submit the following statement of the case:

Plaintiff Larry J. Sykes is an African American man who, he alleges, served with distinction as the Special Agent in Charge of the U.S. Secret Service's Johnson Protective Division ("JPD") until the actions that gave rise to this Complaint. Mr. Sykes was removed from his position as Special Agent in Charge of JPD, demoted to the position of Assistant Special Agent in Charge, and reassigned and relocated involuntarily. Plaintiff alleges that the basis for these actions discriminated against him on account of his race; and were pretextually based on his supposed improper response to the actions of several insubordinate, emotionally disturbed, and/or potentially threatening employees under his supervision. Mr. Sykes contends that his response was appropriate in all respects. Mr. Sykes challenges defendant's adverse employment actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. He seeks declaratory, injunctive, and other equitable relief; reinstatement as a Special Agent in Charge; compensatory damages; and award of attorneys' fees and costs.

Defendant asserts that Plaintiff, a Special Agent of the Secret Service, was laterally reassigned, at the same pay grade and step, to a comparable position. Plaintiff acknowledged in writing, upon accepting his position as a Special Agent with the Secret Service, that as a condition of employment he was subject to geographical reassignment throughout his career based upon the discretion of the Secret Service. The reassignment from the Johnson Protective Detail to the J. J. Rowley Training Center was entirely appropriate based upon Plaintiff's identified managerial weaknesses, including his lack of leadership and communication skills.

1. <u>Resolution by Dispositive motion</u>: Plaintiff takes the position that this case is unlikely to be resolved on summary judgment or other dispositive motion. Defendant believes that a dispositive motion may be appropriate after discovery.

2. <u>Joinder/Amendment/Narrowing</u>: Neither party anticipates the necessity to join third parties or to amend the pleadings.

3. <u>Assignment To Magistrate Judge</u>: Defendant does not consent to assignment of this case to a magistrate judge for all purposes. Plaintiff is prepared to consider such an assignment if defendant's position changes.

4. <u>Settlement Possibility</u>: Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable. Defendant is willing to consider reasonable offers to settle this case but undersigned counsel does not believe that settlement discussions are likely to be productive at this time. Counsel for the parties have worked together on several previous cases, and will advise the Court promptly if settlement discussions reach a point where counsel believe referral to either one of the Magistrate Judges or the Court's ADR program would assist them with settlement as this case progresses.

5. <u>Alternative Dispute Procedures</u>:  At this time, Defendant does not believe that the case could benefit from the Court's ADR process.  Plaintiff believes that ADR would be beneficial at any juncture in the litigation.

6. <u>Resolution on Summary Judgment</u>:   Defendant anticipates the possibility of filing a dispositive motion after the close of discovery in this case.  The parties propose that a dispositive motion schedule should be set at a post-discovery status conference.

7. <u>Initial Disclosures</u>: The parties have agreed to make their initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 30 days after the Court issues an initial scheduling Order.

Plaintiff proposes that unless the Office of the U.S. Attorney will accept service of process for Secret Service officials and employees employed as of the date of defendant's initial disclosures, the parties should provide home addresses and telephone at which individuals disclosed pursuant to Rule 26(a)(1)(a) can be served, and that the parties serve copies of all documents identified in disclosures that are not known to be in the possession of the adversary party, in order to dispense with unnecessary discovery.

Due to the sensitivity of home address information for people in sensitive law enforcement positions, defendant should not provide home addresses and telephone numbers for current or former employees.  In addition, undersigned counsel for defendant has been informed that there is no official mechanism by which the Secret Service records home addresses of former employees.  However, Secret Service will accept service of subpoenas for current employees.  Because Secret Service lacks the authority to accept service of subpoenas for former employees, for any former employees it lists on its initial disclosures, Secret Service will provide home address information provided by employees at the time of any retirement or separation

from employment, subject to the terms of an appropriate protective order, unless the former employee agrees to allow Secret Service to accept service of a subpoena on his or her behalf.

    8.    Discovery:  Noting that completing discovery in this case will likely involve some travel by counsel out of the area, the parties propose a discovery period of five months from the date that the parties make initial disclosures.  Plaintiff proposes that there should be no limitations on discovery procedures or numbers except as provided by the Federal Rules of Civil Procedure, absent agreement of the parties or Order of the Court.  Defendant proposes a limit of eight depositions, 25 document requests, and 35 requests for admission per side.  Counsel for the parties will attempt in good faith to resolve any issues with discovery in the first instance.

    The parties agree that a protective order will be necessary in order to protect documents covered by the Privacy Act, 5 U.S.C. §552a; confidential medical records; and any other confidential documents and information.  The parties further agree to work cooperatively to prepare a protective order for joint presentation to the Court.

    9.    Experts:  The parties agree that expert disclosures, if any, will be made during discovery.  The parties respectfully suggest that Plaintiff make his designation by October 15, 2007, and defendant make his by November 29, 2007.  If experts are designated, the parties agree that they will be deposed at mutually agreeable dates and times on a schedule to be agreed upon at the post-discovery status conference.

    10.    Class Action Procedures:  Not applicable.

    11.    Bifurcation of Discovery or Trial:  The parties do not see any need for bifurcation.

    12.    Proposed Date For The Pretrial Conference:  The parties agree that a status conference should be scheduled after the close of discovery, and that the Court should defer setting a briefing schedule for any dispositive motion until that conference.  In addition, the

parties agree that the Court should also defer setting a pre-trial conference until the post-discovery status conference.

13. <u>Trial Date</u>: The parties agree that a trial date should be set at the pre-trial conference.

14. <u>Other Matters:</u> Counsel for both parties are committed to working cooperatively and civilly with one another on all matters, including to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this litigation that are not presently foreseen.

Dated: May 21, 2007.

Respectfully submitted,

   /s/ Robert C. Seldon
Robert C. Seldon, Esq., D.C. BAR # 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, DC 20004
(202) 955-6968

COUNSEL FOR PLAINTIFF


_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4822
Washington, D.C. 20530
(202) 514-7161

COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY J. SYKES, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 07-0042 (RMC) |
| MICHAEL CHERTOFF, Secretary of Homeland Security, | ) ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER

This matter is before the Court for an initial scheduling conference. Based on the Joint Report filed by the parties, and the discussion in Court on May 25, 2007, the Court enters the following deadlines:

1. The parties shall make the initial disclosures in Rule 26(a)(1) of the Federal Rules of Civil Procedure by June 25, 2007.

2. Discovery shall commence on June 25, 2007 and end on November 29, 2007.

3. Plaintiff shall make any disclosure of expert testimony as provided by Rule 26(a)(2) no later than October 15, 2007. Defendant shall make any expert disclosure of expert testimony as provided by Rule 26(a)(2) no later than November 29, 2007. Expert depositions, if any, shall be deferred until further Order of the Court.

4. The Court shall hold a post-discovery status conference for the purpose of establishing a dispositive motion schedule and any other proceedings on _____, 200_ at ___: ____ __.m.

SO ORDERED.

_____            _____
Date                             ROSEMARY M. COLLYER
                                 United States District Judge